22723, 22724. SHINGLER, executrix, *v.* FEDERAL LAND BANK OF COLUMBIA *et al.;* and *vice versa.*

DECIDED JULY 13, 1933. REHEARING DENIED AUGUST 2, 1933.

*John T. Goree, Clifford E. Hay,* for plaintiff in error.
*Harry .D. Reed, N. L. Stapleton,* contra.

BROYLES, C. J. Upon the first trial of this case the judge, sitting without the intervention of a jury and upon an agreed statement of facts, rendered a judgment in favor of the defendant, Mrs. Shingler, as executrix of her husband's estate, and refused to render a judgment against the other defendant, a corporation which had filed no defense to the suit, but which was not a resident of the county in which the suit was filed and tried. In this opinion the word "defendant" refers to Mrs. Shingler, executrix, etc. The judgment of the trial court was affirmed by this court. 43 *Ga. App.* 92 (157 S. E. 911). Subsequently the decision of this court was reversed by the Supreme Court. See 174 *Ga.* 352 (162 S. E. 815). The defendant made a timely motion for a rehearing which was denied by the Supreme Court. Thereupon the former judgment of this court was vacated, and the judgment of the Supreme Court was made the judgment of this court. When the case came on again for trial in the superior court, and before the remittitur from this court was made the judgment of the trial court, the defendant moved that she be permitted to withdraw her original plea and answer in its entirety, and to substitute for it an amended plea and answer. The motion was granted and the amended plea

and answer was filed and allowed subject to demurrer. Thereafter the plaintiff filed a motion praying that the amended plea and answer be stricken as being insufficient in law, for the reason that all questions of law sought to be raised by the amended plea and answer had been adjudicated adversely to the defendant by the decision of the Supreme Court. The court sustained the motion and struck the amended plea and answer. To that judgment the defendant excepted. The case then being in default as to both defendants, the court rendered a judgment against both of them for the full amount sued for, and that judgment is also assigned as error. The plaintiff filed a cross-bill of exceptions in which error is assigned upon the judgment allowing the amended plea and answer over the plaintiff's objections. In her motion for a rehearing of the decision of the Supreme Court the defendant presented substantially the same contentions and defenses which she subsequently set out in her substituted plea and answer. The facts of the case were undisputed; the only issues being questions of law. Upon a careful consideration of the original plea and answer, the substituted plea and answer, the decision of the Supreme Court, the defendant's motion for a rehearing and the denial thereof, and the other facts of the case, this court is of the opinion that the substituted plea and answer failed to set up any valid defense that was not substantially presented by the original plea and answer. The decision of the Supreme Court, that, "applying the provisions of the Federal farm-loan act as construed with reference to the manifest intention of Congress, the facts in this case demanded a finding for the plaintiff," having become the law of the case, the trial judge properly struck the substituted plea and answer and rendered judgment in favor of the plaintiff.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. MacIntyre and Guerry, JJ., concur.*